UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SUSAN SCHAEFER-LAROSE,
on behalf of herself and others similarly situated,

                                Plaintiff,

v.

ELI LILLY & CO.,

                                Defendant.

5:06-CV-1379
(NAM/GHL)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| EMERY CELLI BRINCKERHOFF & ABADY LLP<br>Counsel for Plaintiff<br>75 Rockefeller Plaza<br>New York, NY 10019 | JONATHAN S. ABADY, ESQ. |
| BAKER & DANIELS LLP<br>Counsel for Defendant<br>300 North Meridian Street<br>Suite 270<br>Indianapolis, IN 46204 | ELLEN E. BOSHKOFF, ESQ. |

HON. GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

### ORDER

In this case, Plaintiff Susan Schaefer-Larose alleges that Defendant Eli Lilly and Company ("Defendant") violated wage and hour laws by unlawfully classifying certain employees as exempt from laws requiring overtime pay. (Dkt. No. 1 at ¶¶ 1 and 2.) Her complaint contains four causes of action: (1) a collective action pursuant to the Fair Labor Standards Act ("FLSA") alleging federal overtime and record-keeping violations; (2) a class action alleging violations of New York State overtime law; (3) a class action alleging violations

I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK. LAWRENCE K. BAERMAN, CLERK Dated: 9-7-07 By: _____ Deputy Clerk

of New York State 'spread of hours' provisions; and (4) a class action alleging violations of New York State 'timely payment of wages' provisions. As of the date of this order, four additional plaintiffs[1] have opted into the action. Currently before the Court is Defendant's motion to transfer venue and/or to strike and dismiss the state law class actions. For the reasons set forth below, I order that this action be transferred to the United States District Court for the Southern District of Indiana.

**I.   Transfer to the Southern District of Indiana is Appropriate Because this Action 'Might Have Been Brought' in Indiana and The Balance of Convenience and Justice Favors Transfer to the Southern District of Indiana.**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996) (Hurd, M.J.). "The purpose of section 1404(a) 'is to prevent the 'waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Flaherty v. All Hampton Limousine, Inc.*, 01-CV-9939, 2002 U.S. Dist. LEXIS 15171, at *3 (S.D.N.Y. Aug. 16, 2002) (citations omitted)

"Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Flaherty*, 2002 U.S. Dist. LEXIS 15171 at *3-4

---

[1] William Wanroy (Dkt. No. 8), William Putnam (Dkt No. 20), Christopher Buchanan (Dkt. No. 41) and Tito Jackson (Dkt. No. 42).

(citations omitted).

### A. The Action 'Might Have Been Brought' in the Southern District of Indiana.

To establish that an action 'might have been brought' in the transferee venue, the moving party must establish that (a) venue is proper in the transferee venue; and (b) the transferee venue had personal jurisdiction over the defendant on the date this action commenced. *Anglo American Ins. Group,* 916 F. Supp. 1324, 1330 (S.D.N.Y. 1996).

The relevant federal venue statute provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). A corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

Plaintiff does not dispute that this action 'might have been brought' in the Southern District of Indiana. (Dkt. No. 38 at 4-12.) Rather, Plaintiff's brief focuses on the "balance of convenience and justice".

### B. The Balance of Convenience and Justice Favors Transfer to the Southern District of Indiana.

Because this case 'might have been brought' in the proposed transferee district, the decision of whether to transfer depends on the balance of convenience and justice. "In making this determination, a judge has 'considerable discretion . . . according to an individualized, case-

3

by-case consideration of convenience and fairness." *Flaherty*, 2002 U.S. Dist. LEXIS 15171, at *4 (citations omitted). A non-exclusive list of factors to consider includes:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

*Id.* (citations omitted). "No individual factor is determinative and a court has discretion to weigh each factor to reach a fair result." *Id.* (citations omitted).

The burden of establishing that transfer is appropriate is on the moving party. *Anglo American Ins. Group, P.L.C. v. CalFed Inc.*, 916 F. Supp. at 1327. The moving party "must support the transfer application with an affidavit containing detailed factual statements relevant to the factors (to be considered by the court in its transfer decision), including the potential principal witnesses expected to be called and a general statement of the substance of their testimony." *Hernandez v. Gruebel Van Lines*, 761 F.Supp. 983, 987 (E.D.N.Y. 1991).

### 1. Convenience of witnesses

"The convenience of party and nonparty witnesses is usually the most important consideration in deciding a motion to transfer venue." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp.2d 525, 529 (S.D.N.Y. 2004).

Defendant argues that two groups of witnesses would be inconvenienced by venue in this District: (1) witnesses "who have information about the specific duties of particular collective action plaintiffs"; and (2) "witnesses who work at (Defendant's) headquarters in Indiana, who

4

have information about relevant corporate policies as well as the duties and compensation of individual collective action plaintiffs." (Dkt. No. 26 at 9.)

Defendant asserts that the witnesses in the first group will include district sales managers, directors, and individual human resources representatives for each putative plaintiff. (Dkt. No. 26 at 10.) The majority of witnesses in this category who have been identified at this early stage in the litigation reside outside of this District. Only Plaintiff's most recent district sales manager, Teresa Mazzarella, resides in Syracuse. (Carnahan Decl. ¶ 7.) Plaintiff's most recent area director, Stephen Crane, resides in Connecticut. (*Id.*) Opt-in plaintiff Wanrooy's most recent district sales manager, Todd Hustel, and most recent area manager, Donna Hopf, reside in Indiana. (Carnahan Decl. ¶ 8.) Opt-in plaintiff Putnam's most recent district sales manager, Robert Elorreaga, resides in California. (Carnahan Decl. ¶ 9.) In all, Defendant employs 367 district sales managers, only 21 of whom reside in New York. Twenty-one reside in Indiana. The remainder are scattered throughout the nation. (Seedall Decl. ¶ 6.)

As to the second group, Director of Human Resources for Neuroscience Michelle Carnahan declares that:

> Lilly's administrative functions are all based in Indianapolis. Lilly's Indianapolis headquarters are home to, among other things, Lilly's functions relating to line human resources, staffing and recruiting, compensation and benefits, payroll, sales force administration, training and leadership development, sales representative training, analytics and sales force capabilities, field sales operations, sales incentives and business reporting, compliance and ethics, and legal. In addition, the Indianapolis headquarters house Lilly's business units associated with Lilly's various products, including the respective brand teams responsible for marketing and strategy. Within the United States, Lilly does not maintain any sales offices outside of Indiana. As a general rule, Lilly's corporate officers and upper management live in the Indianapolis area.

(Carnahan Decl. ¶ 2.)

Plaintiff's declaration does not identify any potential witnesses other than herself.

Although Plaintiff correctly notes that none of Defendant's declarations disclose precisely how Defendant's witnesses would be inconvenienced by venue in this Court (Dkt. No. 38 at 9), it stands to reason that individuals forced to participate in litigation far from their residences will suffer inconvenience. In assessing the convenience of witnesses, courts routinely examine the residence of witnesses. *Argent Funds Group, LLC v. Schutt,* No. 3:05CV01456, 2006 WL 2349464, at *5 (D. Conn. 2006)(citing *Golconda Min. Corp. v. Herlands,* 365 F.2d 856 (2d. Cir. 1966). Here, only one identified non-party witness resides in this District. Accordingly, this 'most important' factor weighs in favor of transfer.

### 2. Convenience of the parties

As discussed above, the convenience of party witnesses is a key factor in determining whether transfer is appropriate. Here, the only party for whom New York is a more convenient forum is Plaintiff Schaefer-Larose, who is a resident of this District[2]. (Dkt. No. 1 at ¶ 8; Dkt. No. 38 at 8.) According to the consents filed with this court, the additional opt-in plaintiffs have mailing addresses in Michigan, Texas, and Kentucky[3]. Opt-in plaintiff Wanrooy, who resides in Michigan, covered a sales territory that included portions of Indiana. (Carnahan Decl. ¶ 8.) This suggests that travel to Indiana is convenient for him. As discussed above, Defendant maintains its principal place of business in Indiana. Accordingly, this important factor weighs in favor of

---

[2] The Court notes that, like the declarations filed by Defendant, Plaintiff's declaration does not disclose precisely how she would be inconvenienced by venue in Indiana. As with the declarations filed by Defendant, Plaintiff's declaration simply states that she resides and worked in this District.

[3] Opt-in plaintiff Tito Jackson did not list a mailing address on his consent form. (Dkt. No. 42.)

6

transfer.

### 3. Location of relevant documents/relative ease of access to those sources

Defendant argues that the fact that it maintains "most of the relevant documents at its headquarters in Indianapolis" weighs in favor of transfer. (Dkt. No. 26 at 16.) However, "(a)ccess to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport, or proof that it is somehow a greater imposition for Defendant to bring its evidence to New York than for Plaintiff to bring" her evidence to Indiana. *Sunshine Cellular v. Vanguard Cellular Systems, Inc.*, 810 F. Supp. 486, 500 (S.D.N.Y.1992). Defendant has not shown that its evidence is particularly bulky or difficult to transport. Accordingly, this factor is neutral.

### 4. Situs of operative events in issue

"The situs of the operative facts is an important factor in deciding motions to transfer ... Where a cause of action arises from claims of alleged wrongdoing in the proposed transferee district, transfer is appropriate. Transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings." *Sheet Metal Workers Nat'l Pension Fund v. Gallagher*, 669 F. Supp. 88, 92-92 (S.D.N.Y. 1987)(citations omitted).

Defendant argues that transfer is appropriate because Plaintiff's causes of action arise from alleged wrongdoing in Indiana. FLSA plaintiffs must demonstrate that they "were victims of a common policy or plan that violated the law." *Levinson v. Primedia, Inc.*, No. 02-CIV-2222 (CBM), 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003) Defendant asserts that any "single

decision, policy or plan" that violated FLSA "would have occurred where (Defendant) created operative policies and procedures." (Dkt. No. 26 at 14-15.)

Defendant cites *Butcher v. Gerber Products Co.*, No. 98 CIV 1819 (RWS), 1998 WL 437150 (S.D.N.Y. Aug. 3, 1998). It appears that the defendant in *Butcher* submitted much more detailed evidence than the Court has received in this case. In *Butcher*, the court had sufficient evidence to find that the challenged decisions were made at the defendant's headquarters in Michigan. Specifically, the court noted that the company announced the challenged decisions in meetings in 11 states and the District of Columbia and that none of those meetings occurred in New York, where the action was filed. Here, Defendant's declarations do not include any clear statement of how or when the decisions of which Plaintiff complains were made. Rather, Defendant asks this Court to assume that the policies of which Plaintiff complains were promulgated in Indiana because "Lilly's administrative functions are all based in Indianapolis" and "Lilly's headquarters are home to ... Lilly's functions relating to ...compensation and benefits." (Carnahan Decl. ¶ 2.)

Defendant concedes that "*some* operative events occurred in New York" (Dkt. No. 26 at 15, emphasis in original), but argues that transfer is appropriate because Indiana has a "stronger connection" to the operative facts. (*Id.*) Defendant further asserts that because the complaint alleges that Defendant acted unlawfully "throughout New York and the United States," even events that occurred outside Indiana would not necessarily favor a New York forum. (Dkt. No. 26 at 15.)

Conversely, Plaintiff argues that she "suffered her injuries at her place of business, located in the Northern District of New York" and that the central issue in the case - whether

plaintiffs were covered by overtime laws - will "be decided primarily on what the plaintiffs' job duties actually are, and not merely what their job title or job description says they do." (Dkt. No. 38. at 7, citing 29 C.F.R. §§ 541.200 and 541.500.) Even if one accepts Plaintiff's argument at face value, it does not weigh heavily on the side of venue remaining in this District. At this point, Plaintiff is only one of five plaintiffs. She is the only one who worked in New York. Accordingly, this factor is neutral.

### 5. Availability of process to compel attendance

The court can compel the attendance of witnesses who are served within the district or at any other place that is within 100 miles of the place specified in the subpoena. Fed. R. Civ. P. 45(b)(2).

Defendant argues that "(a)lmost all Lilly employees with relevant information to putative collective action claims live outside New York, and the majority of these witnesses live in Indiana." (Dkt. No. 26 at 17.) However, Plaintiff correctly notes that this factor does not weigh in favor of transfer because "Defendant has not identified any non-party witness whose attendance would be required." (Dkt. No. 38 at 10.) Because companies can "compel the testimony of (their) own employees without the need for subpoena, this factor is ... neutral". *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000).

### 6. Relative means of the parties

Neither party's briefs addressed the relative means of the parties. Accordingly, this factor is neutral.

### 7. Comparative familiarity of each district with the governing law

Regarding the comparative familiarity of each district with the governing law, Defendant

concedes that this factor is "neutral". (Dkt. No. 26 at 19 n. 12.) Plaintiff's brief did not address this factor. Accordingly, this factor is neutral.

### 8. Weight accorded a plaintiff's choice of forum

"A plaintiff's choice of forum is to be given considerable deference. Nevertheless, the plaintiff's choice of forum is not necessarily dispositive...In a class action, the named plaintiff's choice of forum is afforded little weight because in such a case, there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class' claim." *Eichenholtz v. Brennan*, 677 F. Supp. 198, 201 (S.D.N.Y. 1988). Here, as discussed above, Plaintiff is now only one of five plaintiffs. She is the only plaintiff who resides in New York. Accordingly, this factor weighs only slightly in favor of venue in this District.

### 9. Judicial efficiency and the interests of justice

Defendant argues that this factor weighs in favor of transfer to the Southern District of Indiana because "civil cases in the Southern District of Indiana typically reach a final disposition faster than civil cases in the Northern District of New York." (Dkt. No. 26 at 19.) The case load statistics provided by Defendant do not show a vast difference in speed to final disposition. Rather, they show an average difference of two months. Moreover, "docket congestion is not considered a dispositive factor." *Dow Jones & Co. v. Board of Trade*, 539 F. Supp. 190, 192-193 (S.D.N.Y. 1982).

Plaintiff argues that other interests of justice weigh in favor of the case remaining in this District. Specifically, Plaintiff argues that New York has a strong interest in this case because it contains New York state law claims. (Dkt. No. 38 at 11-12.) While New York does indeed

10

have a strong interest in the rights of its citizens, Indiana has an equally strong interest as the resident state of Defendant's headquarters. Moreover, the home states of the opt-in plaintiffs also have strong interests in the case. Accordingly, this factor is neutral.

### 10. Conclusion

Having weighed the factors discussed above, the Court finds that transfer to the Southern District of Indiana is appropriate.

### II. The Court Declines to Reach the Merits of the Motion to Strike and/or Dismiss the New York Causes of Action.

Having determined that transfer is appropriate, the court declines to reach the merits of Defendant's motion to strike and dismiss the New York causes of action. Defendant concedes that this is the appropriate course of action. (Dkt. No. 44 at 7.)

**ACCORDINGLY**, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of this Court shall transfer this action to the United States District Court for the Southern District of Indiana; and it is further

**ORDERED** that, pursuant to Rule 83.6(a) of the Local Rules of Practice for this Court, **TEN (10) DAYS** after the date of the service of this Order on Plaintiff, the Clerk of this Court shall mail to the Clerk of the United States District Court for the Southern District of Indiana certified copies of this Order, the docket entries in this case, and the originals of all papers on file in this case except for this Order.

Date: August 23, 2007
Syracuse, New York

George H. Lowe
United States Magistrate Judge

MIME-Version:1.0
From:ecf.notification@nynd.uscourts.gov
To:NYND_ECFQC@nynd.uscourts.gov
Bcc:
Message-Id:<976811@nynd.uscourts.gov>
Subject:Activity in Case 5:06-cv-01379-NAM-GHL Schaefer-Larose v. Eli Lilly and Company Order on Motion to Change Venue
Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

### Northern District of New York - Main Office (Syracuse) [LIVE - Version 3.0.5]

**Notice of Electronic Filing**

The following transaction was entered on 8/23/2007 at 2:56 PM EDT and filed on 8/23/2007

| | |
|---|---|
| **Case Name:** | Schaefer-Larose v. Eli Lilly and Company |
| **Case Number:** | 5:06-cv-1379 |
| **Filer:** | |
| **Document Number:** | 54 |

**Docket Text:**
ORDER granting [26] Motion to Change Venue; Clerk to transfer venue to Clerk, USDC Southern District of Indiana, 10 days after service of this Order. Signed by Judge George H. Lowe on 8/23/07. (lmp)

**5:06-cv-1379 Notice has been electronically mailed to:**
Jonathan S. Abady   jabady@ecbalaw.com
Ellen E. Boshkoff   ellen.boshkoff@bakerd.com, denise.simpson@bakerd.com, paula.calhoun@bakerd.com
Charles Joseph   charles@jhllp.com
Gregory N. Karasik   greg@spiromoss.com
Eric B. Kingsley   eric@kingsleykingsley.com
Christopher C. Murray   christopher.murray@bakerd.com, neekie.hemphill@bakerd.com
Sarah Netburn   snetburn@ecbalaw.com
Michael D. Palmer   michael@jhllp.com
Michael J. Sciotti   msciotti@hancocklaw.com, Ccliffor@hancocklaw.com
Christopher A. Seeger   cseeger@seegerweiss.com
Ira Spiro   ira@spiromoss.com
Christopher Van De Kieft   cvandekieft@seegerweiss.com
Stephen A. Weiss   sweiss@seegerweiss.com
**5:06-cv-1379 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051896954 [Date=8/23/2007] [FileNumber=976809-0]
[7105731da911af35529499be52b990e181da0133cba62ce1967ac3647ad041cff39d
b00401e44058db5c7ed47a4e98d2d47fc1a0c2f332bf93021418e5c00b92]]