UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Susan Schaefer-Larose, on behalf of herself )
and others similarly situated, )
) Case No. 1:07-cv-1133-SEB-TAB
Plaintiffs, )
)
v. )      **ORDER GRANTING**
)      **PLAINTIFF'S MOTION FOR**
ELI LILLY & COMPANY, *et al*. )      **CONDITIONAL COLLECTIVE**
)      **ACTION CERTIFICATION AND**
)      **NOTICE**
Defendants. )
_____ )

After consideration of the papers and pleadings on file,                    and for good cause shown, IT IS HEREBY ORDERED THAT Plaintiff's Motion is GRANTED.

IT IS FURTHER ORDERED that:

1. Plaintiff's claims for violations of the Fair Labor Standards Act, and any defenses thereto, are conditionally certified as a collective action pursuant to 29 U.S.C. § 216 (b).

2. For purposes of this Order, the term "Covered Positions" shall mean all job positions at Eli Lilly & Company, its predecessors and subsidiaries, which have been titled or classified as sales representative, senior sales representative, executive sales representative, and senior executive sales representative, and those with similar job descriptions and duties.

3. For purposes of this Order, the term "Covered Employees" shall mean al past, present, and future employees who have been employed in a Covered Position any time between the earliest date covered by the first Eli Lilly pay date falling after November 14, 2003 and the filing date of this Order.

4. No later than ten (10) days after the filing date of this Order, Defendant Eli Lilly shall produce to Plaintiff's counsel the names, last-known addresses, telephone numbers, and e-mail addresses of all Covered Employees. Defendants shall provide this information electronically in Microsoft Excel format or such other electronic format as Plaintiff's counsel may agree to accept.

5. Plaintiff's counsel or an agent selected by them shall mail to all Covered Employees a notice of pendency of conditionally-certified collective action substantially in the form attached hereto as Exhibit A, and a "Consent to Join" form substantially in the form attached hereto as Exhibit B, with specific dates and mailing address information to be inserted once ascertained as indicated in these exhibits. There documents are collectively referred to as the "Notice."

6. Covered Employees shall have 120 days after the date the Notice is mailed to Covered Employees to mail or had-deliver a completed Consent to Join Form to Plaintiff's Counsel or his agent. Covered Employees who timely mail a completed Consent to Join Form shall be deemed to have joined the conditionally certified collective action within the meaning of 29 U.S.C. § 216(b). provided that Plaintiff's counsel files their Consent to Join Forms with this Court as provided in paragraph 8 of this Order. Timeliness is to be determined by the postmark date in the event of mailing, the date of delivery in the event of hand delivery, or the date of delivery in the event of any other means of delivery (e.g., overnight or other expedited delivery).

7. Covered Employees whose Consents to Join are untimely shall be deemed to have joined the action within the meaning of 29 U.S.C. § 216(b) upon agreement by the

parties, or upon order of this Court on good cause show, provided that Plaintiff's counsel files their Consent to Join Forms with this Court as provided in Paragraph 8 of this Order. Covered Employees who timely return Consents to Sue that have not been properly completed shall be given a reasonable amount of time to return a properly completed Consent to Join, and shall be deemed to have joined the action upon their return of a properly completed Consent to Join form, provided that Plaintiff's counsel files their Consent to Join Forms with this Court as provided in Paragraph 8 of this Order.

8. Plaintiff's counsel shall file all Consent to Sue forms with this Court. Except for good cause shown, the deadline for Plaintiff's counsel to file Consent to Join forms with this Court shall be the date that is 150 days after the date the Notice is mailed to Covered Employees.

9. This Order is without prejudice to Plaintiff's right to request that notice of the pendency of this action, and an opportunity to opt in, be provided at a later date to individuals who become employed in Covered Positions after the filing date of this Order.

IT IS SO ORDERED

Date: 02/22/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SUSAN SCHAEFER-LAROSE, on behalf of herself and all others similarly situated, | : : : | Civil Action No.: 5:06-cv-1379 |
| Plaintiffs, | : : | |
| v. | : : : | COLLECTIVE ACTION |
| ELI LILLY AND COMPANY, *et al.* | : : : : | |
| Defendants. | : : | |

### NOTICE OF LAWSUIT AGAINST ELI LILLY AND COMPANY

**TO:** Present and past employees of Eli Lilly and Company, its predecessor entities, domestic affiliates, or domestic subsidiaries (collectively "Eli Lilly") who have held job positions titled or classified as Sales Representative, Senior Sales Representative, Executive Sales Representative, Senior Executive Sales Representative, and those with similar job descriptions, at any time from the earliest date covered by the first pay date falling after November 14, 2003 to **[the date of filing of the Court's order granting Plaintiff's motion for notice]**

**FROM:** Emery, Celli Law Firm; Seeger, Weiss LLP; Joseph & Herzfeld, LLP; Spiro Moss Barness; and Kingsley & Kingsley, APC

**DATE:** **[mailing date of notice]**

**RE:** Fair Labor Standards Act Lawsuit Filed Against Eli Lilly

**DEADLINE FOR JOINING LAWSUIT: [120 days after the date of mailing of notice and consent to join form]**

## I. INTRODUCTION

The purpose of this Notice is to inform you of a collective action lawsuit against Eli Lilly in which you have been identified as "similarly situated" to the named plaintiff who has brought the lawsuit, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participating in the suit.

## II. DESCRIPTION OF THE LAWSUIT

Plaintiff Susan Schaefer-Larose ("named plaintiff" or "plaintiff") has filed this action against Eli Lilly on behalf of herself and all other past and present employees, who at any time from approximately November 14, 2003 to **[date of filing order granting notice]**, have held job positions titled or classified as Sales Representative, Senior Sales Representative, Executive Sales Representative, or Senior Executive Sales Representative, or employees who performed substantially the same work as employees with those titles (hereinafter collectively referred to as "pharmaceutical representatives"). As relevant to this notice, Plaintiff contends that she is owed overtime pay under the Fair Labor Standards Act.

Plaintiff alleges that Eli Lilly has violated the Fair Labor Standards Act with regard to its pharmaceutical representatives as follows: Eli Lilly has treated each of its pharmaceutical representatives as exempt from overtime pay and has refused to pay them legally-mandated overtime premiums, even when they work more than 40 hours in a week; Eli Lilly pharmaceutical representatives are entitled, under the Fair Labor Standards Act, to their regular pay for 40 hours per week; plus overtime pay (time and one-half) for any hours worked in excess of 40 hours per week; and by failing to pay for all hours worked, Eli Lilly has violated the Fair Labor Standards Act.

Plaintiff alleges that she, and all employees similarly situated, are entitled to recover overtime pay for three years' worth of unpaid overtime because Eli Lilly's actions were willful. Plaintiff also alleges that she, and all employees similarly situated, are entitled to liquidated damages in an amount equal to the amount of unpaid overtime wages, and that they are entitled to prejudgment interest, attorneys' fees, and costs associated with bringing this lawsuit.

## III. COMPOSITION OF THE COLLECTIVE ACTION

The Plaintiff seeks to sue on behalf of herself and also on behalf of all other past and present Eli Lilly employees who are similarly situated. Specifically, plaintiff seeks to sue on behalf of any and all employees who (a) have at any time from approximately November 14, 2003 to **[date of filing order granting notice]**, held job positions titled or classified as Sales Representative, Senior Sales Representative, Executive Sales Representative, Senior Executive Sales Representative, and those with similar job descriptions; and (b) did not receive overtime wages for overtime hours worked, as described above.

### IV. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, you may join this suit (that is, you may "opt in") by mailing the enclosed "Consent to Join" form to plaintiff's counsel at the following address:

**[address of plaintiff's counsel or notice agent to be selected by plaintiff's counsel]**

**If you choose to join the suit, your Consent to Join form must be postmarked by no later than [120 days from the date of mailing of the Notice and Consent to Join]. If you fail to return the "Consent to Join" form to plaintiff's counsel by _____ [120 days from the date of mailing of the Notice and Consent to Join], you may not be able to participate in this lawsuit.**

### V. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you choose to join in the Fair Labor Standards Act claim, you will be bound by any Judgment entered in this case, whether favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the collective action plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no payment to the attorneys. If there is a recovery, the attorneys for the collective action will receive attorneys' fees as determined by the Court, which may be a part of any settlement obtained or money judgment entered in favor of all members of the collective action, or which may be ordered by the Court to be separately paid by Eli Lilly, or which may be a combination of the two. By joining this lawsuit, you designate the named plaintiff as your agents to make decisions on your behalf concerning the litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you join this lawsuit.

### VI. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join the Fair Labor Standards Act claim, you will not receive any money awarded as a result of any Judgment or settlement in this case on this claim, and you will not be bound by any Judgment or settlement in this case on this claim, whether favorable or unfavorable to the collective action. If you choose not to join this lawsuit, you are free to file your own lawsuit.

### VII. NO RETALIATION PERMITTED

Federal law prohibits Eli Lilly from discharging or in any other manner discriminating against you because you have exercised your rights under the Fair Labor Standards Act.

## VIII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, your interests as a collective action member will be represented by the named plaintiff through his attorneys, as counsel for the collective action. It may be determined at a later date, however, that certain individuals will not remain a part of the collective action. If you do not want to be represented by plaintiff and his counsel, you do have the right to choose other counsel and to pursue your claims separate from this suit. Counsel for the collective action include:

## IX. ATTORNEYS FOR PLAINTIFFS

EMERY, CELLI LAW FIRM
Jonathan S. Abady, Esq.
75 Rockefeller Plaza, 20th Floor
New York, NY 10019
Tel: 212-763-5000; Fax: (212) 763-5001
Email: jabady@ecbalaw.com

SEEGER, WEISS LLP
Christopher A. Seeger, Esq.
Seeger, Weiss LLP
One William Street
New York, NY 10004
Tel: (212) 584-0700; Fax: (212) 584-0799
Email: cseeger@seegerweiss.com
*Admiited Pro Hac Vice*

JOSEPH & HERZFELD LLP
Charles Joseph, Esq.
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5640; Fax: (212) 688-2548
Email: charles@jhllp.com

SPIRO MOSS BARNESS LLP
Ira Spiro, Esq., SBN-67641
11377 West Olympic Boulevard, 5th Floor
Los Angeles, CA 90064
Tel: (310) 235-2468; Fax: (310) 235-2456
*Admitted Pro Hac Vice*

KINGSLEY & KINGSLEY, APC
Eric B. Kingsley, Esq. SBN-185123
16133 Ventura Blvd., Suite 1200
Encino, CA 91436

Tel: (818) 990-8300; Fax: (818) 990-2903
Email: eric@kingsleykingsley.com
*Admitted Pro Hac Vice*

## X. FURTHER INFORMATION

Further information about this notice, the deadline for filing a "Consent to Join," or questions concerning this lawsuit, may be obtained by telephoning plaintiff's counsel at 1-800-XXX-XXXX or contacting the following website. **[number and website to be provided by plaintiff]**

## XI. COURT AUTHORIZATION

This notice and its contents have been authorized by the United States District Court, Honorable Norman A. Mordue, United States District Court Chief Judge. The Court has taken no position in this case regarding the merits of plaintiff's claims or of any defenses that may be asserted by Eli Lilly.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SUSAN SCHAEFER-LAROSE, on behalf of herself and all others similarly situated, | : : : | Civil Action No.: 5:06-cv-1379 |
| Plaintiffs, | : : : | |
| v. | : : | COLLECTIVE ACTION |
| ELI LILLY AND COMPANY, *et al.* | : : : : : | |
| Defendants. | : | |

## CONSENT TO JOIN

I worked for Eli Lilly and Company, its predecessor entities, domestic affiliates, or domestic subsidiaries (collectively "Eli Lilly") at some time between November 14, 2003 and _____ **[date of filing of order granting notice]** as a Sales Representative, Senior Sales Representative, Executive Sales Representative, Senior Executive Sales Representative, and those with similar job descriptions.

I choose to participate in the Fair Labor Standards Act ("FLSA") collective action titled *Susan Schaefer-Larose v. Eli Lilly and Company, et al.*, Case No. 5:06-cv-1379. I understand that this lawsuit seeks unpaid overtime wages that may be owed to me, and that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the plaintiff named in the complaint as my representative, and, to the fullest extent possible under applicable laws, to make decisions on my behalf concerning the FLSA claim, the method and manner of conducting and resolving the litigation, and all other

matters pertaining to the lawsuit. To the extent that I am similarly situated to the other collective action members, I choose to be represented as a collection action member in this matter by Emery, Celli Law Firm; Seeger, Weiss LLP; Joseph & Herzfeld, LLP; Spiro Moss Barness LLP; and Kingsley & Kingsley, APC and other attorneys with whom they may associate. I understand that it may be determined at a later date that certain individuals will not remain part of the collective action and that I have the right to obtain separate legal advice and representation at my own expense. I understand that the attorneys will act in the best interests of the collective action members as a whole and hereby waive any conflict that may arise from the attorneys' representation of multiple collective action members.

Printed Full Legal Name: _____

Address: _____

City, State, and Zip: _____

Signature: _____

Date signed: _____

**NOTE:** To be effective, this form must be mailed to **[plaintiff's counsel or notice agent to be selected by plaintiff's counsel]** by **[120 days after date of mailing of Notice and Consent to Join]**.