IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN SCHAEFER-LAROSE, on behalf of herself and others similarly situated, WILLIAM WANROOY, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>ELI LILLY and COMPANY, <br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   Cause No. 1:07-cv-01133-SEB-TAB |

**DECLARATION OF MICHELE SHARP**

I, Michele Sharp, declare under penalty of perjury as follows:

1.　I have worked for Eli Lilly and Company ("Lilly") for approximately thirteen years. My current position is Manager of U.S. Regulatory Affairs. I have held this position for approximately three years, but have worked in Lilly's Regulatory Affairs department since 1999.

2.　Lilly's Regulatory Affairs department does not have its own policies or procedures that govern the job duties, tasks, and responsibilities of Lilly's sales representatives. The Regulatory Affairs department does not deal directly with sales representatives or provide them with guidance, input or instructions regarding how they should perform their jobs.

3.　As detailed in Lilly's U.S. Compliance Policies and Procedures for Promotional Materials, a copy of which is attached at Exhibit A, the Regulatory Affairs department reviews promotional materials developed by Lilly's marketing teams to make sure such materials comply with FDA requirements. The Regulatory Affairs department's role in that process is to "review promotional materials for any issues that might conflict with current full

BDDB01 5309490v1

prescribing information or interfere or conflict with ongoing label discussions with the FDA" and to "review for violations of promotional/advertising regulations and consider information gained through surveillance of the external environment." Ex. A at pp. 4-5. In fulfilling this role, the Regulatory Affairs department deals directly with Lilly's marketing teams -- not Lilly's sales force.

4. Representatives of the Regulatory Affairs department occasionally attend meetings at which sales representatives are present. For instance, if requested by the marketing department, a Regulatory Affairs representative may attend a sales training meeting. However, the purpose of attending such a meeting is to provide guidance to the marketing department to make sure any information the marketing department provides to sales representatives meets FDA requirements. The Regulatory Affairs department does not present information or provide guidance to sales representatives at training meetings or any other meetings at which sales representatives are present.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27 day of June, 2008, at Indianapolis, Indiana.

*Michele Sharp*