IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN SCHAEFER-LAROSE, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 1:07-cv-01133-SEB-TAB |
| ELI LILLY and COMPANY, | ) ) | |
| Defendant. | ) | |

**DEFENDANT ELI LILLY AND COMPANY'S
RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTION TO THE
COURT'S ORDER ON THE SELECTION OF OPT-IN PLAINTIFFS FOR DISCOVERY**

As with their three previous appeals of Magistrate Baker's decisions,[1] Plaintiffs' latest Rule 72(a) appeal fails to meet the "clearly erroneous or contrary to law" standard necessary to overturn the Magistrate's May 18, 2009 discovery order.  In this instance, Plaintiffs' objection is not grounded in any statutory provision or binding Seventh Circuit or Supreme Court precedent, and they offer no argument that the Magistrate somehow exceeded the broad discretion given to district courts in handling FLSA collective actions.  Rather, Plaintiffs' arguments are based on cases involving the use of representative testimony at trial and thus wholly inapt to the pre-decertification discovery issues currently confronting the parties.  Unable to meet their burden of showing under Rule 72(a) that the Magistrate's order was clearly erroneous or contrary to law, Plaintiffs' objection should be overruled.

---

[1]   Plaintiffs' previous objections to the Magistrate's rulings can be found at Docket Nos. 559, 565, 569.

## I.    STANDARD OF REVIEW

In their Objections To May 18, 2009 Order Of United States Magistrate Judge

Tim A. Baker Approving Defendant's Proposed Methods For Selection Of Opt-In Plaintiffs For

Purposes Of Representative Discovery (the "Objection"), Plaintiffs ask this Court to reverse

Magistrate Baker's May 18, 2009 Order ("Order") setting forth the manner by which the parties

should select opt-in plaintiffs subject to discovery (the "Discovery Plaintiffs") as well as the total

number of Discovery Opt-Ins required to respond to Defendant's discovery.  To overturn this

Order, Plaintiffs must demonstrate that Magistrate Baker's decision was "clearly erroneous or

contrary to law."  Fed. R. Civ. P. 72(a).  According to the Seventh Circuit, "[t]he clear error

standard means that the district court can overturn the magistrate judge's ruling only if the district

court is left with the definite and firm conviction that a mistake has been made." *Weeks v.*

*Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  And "under clearly

erroneous review, if there are two permissible views, the reviewing court should not overturn the

decision solely because it would have not chosen the other view."  *United Consumers Club, Inc.*

*v. Prime Time Mktg. Mgmt., Inc.*, No. 2:07-CV-358 JVB, 2008 WL 2572028 at *2 (N.D. Ind.

June 25, 2008).   Plaintiffs cannot meet this burden.

## II.    STATEMENT OF FACTS

Following the Court's December 23, 2008 Order directing the parties to conduct

discovery as to only a sub-set of the 388 opt-in plaintiffs,[2] the parties attempted, but were unable,

to reach an agreement on the number of Discovery Plaintiffs to be selected or the manner of their

selection.  After much discussion and correspondence, Plaintiffs held fast to their view that two

---

[2]    Lilly maintains that the Order allowing only "representative discovery"  is erroneous for the reasons stated in its
1/12/09 Objection.  Without waiving that argument, Lilly addresses the Magistrate's ruling regarding the
selection of "representative plaintiffs" for purposes of discovery, assuming that the initial order is affirmed.

opt-ins should be selected from each Lilly sales division and that these individuals should be selected randomly (although other than by hiring an expert Plaintiffs never articulated how these Discovery Plaintiffs actually would be selected randomly.)  Lilly, on the other hand, proposed that it select the Discovery Plaintiffs and that the number selected from each Lilly sales division vary by the size of that division, with anywhere between three opt-ins selected for a sales division with 10 or fewer individuals and up to six for a sales division with more than 50 individuals.

Unable to reach an agreement, the parties contacted the Court to schedule a discovery hearing to address these issues as directed by the Court's December 23, 2008 Order. At the Court's request, the parties submitted a "Joint Statement of Representative Discovery Issues" ("Joint Statement") [Docket No. 636] identifying those issues upon which the parties had not reached agreement.  The parties' Joint Statement, which Plaintiffs have attached as Exhibit A to their Objection, sets forth the three main areas in dispute as relevant here: (1) the groups to use for selecting Discovery Plaintiffs; (2) the number of Discovery Plaintiffs to be Selected; and (3) the manner of selecting the Discovery Plaintiffs.  The only difference between the parties' earlier positions and the positions as stated in the Joint Statement was Lilly's compromise to allow each party to select half of the total number of Discovery Plaintiffs.

After oral argument by the parties at the May 8, 2009 hearing, Magistrate Baker issued an order [Docket No. 639] finding that selection of the Discovery Plaintiffs by their last Lilly sales division was acceptable.  Additionally, the Magistrate's order found that Lilly's proposal addressing the number of Discovery Plaintiffs to be selected from each Lilly sales division, which varied depending upon the size of the relevant sales division, was appropriate given Lilly's need for information on the variability in duties among the Discovery Plaintiffs.  *Id.*

Finally, the Court approved of Lilly's proposal that the parties each select half of the total

number of Discovery Plaintiffs.  *Id*.

### III.   ARGUMENT

Plaintiffs' Objection contends that Magistrate Baker's Order was clearly erroneous

or contrary to law because it "fails to ensure that the Opt-ins selected for the representative

sample will be fairly representative of the class." Opposition at 11.  This argument is flawed for a

number of reasons.

First, Plaintiffs' argument is premised on the belief that collective actions can only

progress via this so-called "representative" process wherein opt-in plaintiffs are randomly

selected for discovery.  *See, e.g.,* Opposition at 12.  But as Lilly has shown previously, many

courts have rejected altogether this "representative" approach to discovery in FLSA collective

actions and have instead permitted defendants to conduct individualized discovery of all opt-in

plaintiffs.  *See* Lilly' Rule 72(a) Objection on Order on Plaintiffs' Motion for Protective Order at

7-8 [Docket No. 602] (citing numerous cases permitting individualized discovery).  Indeed, there

is no binding Seventh Circuit authority or statutory provision (nor have Plaintiffs cited any)

endorsing a "representative" discovery process.  Still less is there Seventh Circuit authority

mandating that "representative" discovery occur in the specified way Plaintiffs propose (e.g.,

through random sampling of a very limited number of opt-ins).  Thus, Plaintiffs' disagreement

with the Magistrate's Order is not so much that it is contrary to the law as it is contrary to their

wishes.

Moreover, the parties' differing views as to how discovery should proceed, *i.e.*,

individualized versus "representative" discovery, and the various cases they cite in support of

their positions, is merely symptomatic of the broad discretion district courts enjoy in managing

FLSA collective actions.  *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008) ("The FLSA does not specify the details of how collective actions are to proceed, and thus, the management of these actions has been left to the direction of the district courts."); *Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-cv-0101-DFH-TAB, 2006 WL 1994772 (S.D. Ind. 2006) ("It is well established that decisions about the scope of collective actions under the FLSA (and other statutes that use its procedures) are committed to the sound discretion of the district court . . . .")  But nowhere in their Objection do Plaintiffs' contend that the Magistrate's Order constituted an abuse of that discretion.  Accordingly, because the Order was neither contrary to law or an abuse of discretion, Plaintiffs' Objection should be denied.[3]

Second, Plaintiffs confuse representative *discovery* with representative *testimony* used at trial in collective actions.  At this juncture, the case has only been conditionally certified and Lilly is seeking discovery from opt-in plaintiffs so that it can show, upon a motion to decertify, that the opt-in plaintiffs are not similarly situated.[4]  *See Jirak*, 566 F. Supp. 2d at 847-48 (discussing two-stage certification process).  If Lilly were not to prevail on its motion to decertify, only then would the opt-ins be considered a certified class and, if and when the case went to trial, the Court would likely require some type of representative proof rather than calling hundreds of opt-in plaintiffs individually to testify.

The majority of cases Plaintiffs cite in their Objection, however, deal with precisely this issue, *i.e.* the use of representative evidence *at trial*, which is not the issue currently before the Court.  Plaintiffs' Objection at 12-13, and fn. 3 (*citing Chavez v. IBP, Inc.*,

---

[3]   In contrast, Lilly contends that the Magistrate Judge's order requiring representative discovery is contrary to law, because the Magistrate did not engage in the balancing required by Rule 26.

[4]   As Lilly argued and as Magistrate Baker recognized in his Order, information on variability among opt-in plaintiffs is necessary for Lilly so it can properly prepare its motion to decertify the conditionally-certified opt-in class.

No. cv-01-5093-RHW, 2004 WL 5520002 (E.D. Wash. Dec. 8, 2004) (addressing the use of statistical sampling in an expert's testimony at trial); *Reich v. S. New England Telecom Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (concerning representative testimony at trial); *Dep't of Labor v. Cole Enter., Inc.*, 62 F.3d 775 (6th Cir. 1995) (same); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586 (9th Cir. 1988) (same); *Sec'y of Labor v. DeSisto*, 929 F.2d 789 (1st Cir. 1991) (same); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113 (4th Cir. 1985) (same); *Alvarez v. IBP, Inc.*, No. CT-98-5005-RHW, 2001 WL 34897841 (E.D. Wash. Sept. 14, 2001) (same); *Takacs v. Hahn Auto. Corp.*, No. C-3-95-404, 1999 WL 33127976 (S.D. Ohio Jan. 25, 1999) (same);  *Roussell v. Brinker Intern., Inc.*, No. H-05-3733, 2008 WL 2714079 (S.D. Tex. July 9, 2008) (addressing the parties' plans for use of representative testimony at trial); *In re Chevron U.S.A., Inc.*, 109 F.3d 1016 (5th Cir. 1997) (involving representative evidence and testimony at trial in a mass tort lawsuit).  And the few remaining cases Plaintiffs cite either do not involve the FLSA[5] or do not support Plaintiffs' arguments.  *See* Plaintiffs' Opposition at 12 (*citing Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (finding that limiting discovery to a sampling of opt-in plaintiffs was appropriate "*at this juncture*" but allowing the defendants to subsequently move to expand discovery if needed and appropriate) (emphasis added)).

Indeed, Lilly fundamentally disagrees with Plaintiffs' contention that "the future matters in this case for which this sample will control all of the parties' claims and defenses will include Defendant's motion for decertification, any future trial, and damages."  Opposition at 15.  Plaintiffs lack any support for this statement, and Lilly has certainly never stipulated to such an

---

[5]   *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, No. MDL 06-1770, MHP, 2007 WL 3045995, (N.D. Cal. Oct. 18, 2007) (ruling addressing state class action component of a lawsuit); *Sav-on Drug Stores, Inc. v. Superior Court*, 17 Cal. Rptr. 3d 906 (Cal. 2004) (same); *Bell v. E.P.A.*, 232 F.3d 546 (7th Cir. 2000) (addressing the use of statistical evidence in employment discrimination cases); *Flavel v. Svedala Indus. Inc.*, 875 F. Supp. 550 (E.D. Wisc. 1994) (same); *Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320 (N.D. Ill. 1991) (addressing discovery under a Rule 23 class action in a lawsuit involving the Airline Deregulation Act).

arrangement. Indeed, the opt-in Plaintiffs represent such a small and skewed percentage of Lilly's sales force (the vast majority of the opt-ins being former employees) that Lilly does not believe that this small group – even if considered in total – could be considered "representative." Lilly certainly intends to offer evidence from outside this group of opt-ins at trial.

Moreover, Lilly is not aware of any rule that would prevent Plaintiffs from identifying other witnesses other than the Discovery Plaintiffs to testify at trial, so long as Lilly is given sufficient notice in advance so as to permit Lilly to conduct discovery as to that person. For that very reason, in the parties' Joint Statement, Lilly requested that Plaintiffs identify any opt-in plaintiffs they intended to call at trial 60 days before the close of discovery.[6] Joint Statement at 8. Thus, there is simply no support – in the law or in logic – for Plaintiffs' assertion that the selection of Discovery Plaintiffs somehow controls the presentation of proof at trial.[7] Plaintiffs reliance on this notion that the Discovery Plaintiffs control the parties' ability to address decertification, damages, and other trial issues is incorrect, further undermining their attempt to demonstrate that the Magistrate's Order is somehow clearly erroneous or contrary to law.

Finally, a reversal of the Magistrate's Order as to the number of Discovery Plaintiffs is not warranted or appropriate. Plaintiffs fail to cite to any statute, rule, or case placing any outer bound on the number of opt-in plaintiffs who can be required to respond to discovery. Instead, Plaintiffs yet again fall back on cases addressing the number and use of representative testimony *at trial*. *See* Plaintiffs' Objection at 17 (*citing DeSisto, Reich,* and *Takacs*). But Plaintiffs reliance on these cases is misplaced. Based on Lilly's expressed need for

---

[6]   The Magistrate ruled, however, that this and other issues Lilly raised in the Joint Statement were not yet ripe.

[7]   Parties routinely conduct discovery as to individuals other than those who will be called as witnesses at trial and just as routinely call witnesses at trial who for some reason have not been deposed.

obtaining information relating to variability among sales representatives, a need that the Magistrate acknowledged,[8] there was nothing arbitrary, clearly erroneous, or contrary to law about the Court's decision as to the number of Discovery Plaintiffs selected.  Accordingly, Plaintiffs' Objection should be denied.

## IV.   CONCLUSION

Plaintiffs' Objection fails to acknowledge the discretion given to district courts in managing FLSA collective actions and misapplies case law addressing the use of representative testimony and evidence at trial.  The issue before this Court is whether, assuming "representative discovery" is appropriate, the Magistrate's Order setting the number and manner of selection of Discovery Plaintiffs was improper.  Because Plaintiffs have not shown that the selection process mandated by the Magistrate Judge was erroneous or contrary to law, Lilly respectfully requests that the Objection be overruled.

BAKER & DANIELS LLP

By: s/David S. Wagner
       David S. Wagner, #26631-49

Ellen E. Boshkoff, #16365-49
D. Lucetta Pope, #19217-71
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone: (317) 237-0300
Facsimile:  (317) 237-1000
Email:  ellen.boshkoff@bakerd.com
            lucetta.pope@bakerd.com
            david.wagner@bakerd.com

---

[8]   The Magistrate ruled that: "I find that Lilly's proposal [as to the number of Opt-ins to be] selected is appropriate. I believe that Ms. Boshkoff has made a valid argument as to the defendant's need with respect to information on the variability of the duties of all these individuals." Plaintiffs' Objection at 10 (citing Tr. 23:26-24:7).

Attorneys for Defendant
ELI LILLY AND COMPANY

BDDB01 5721305v2

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

| | |
|---|---|
| Jonathan S. Abady<br>Elizabeth Saylor<br>EMERY CELLI BRINCKERHOFF<br>    & ABADY LLP<br>75 Rockefeller Plaza, 20th Floor<br>New York, New York  10019<br>Email:  jabady@ecbalaw.com<br>        esaylor@ecbalaw.com | Irwin B. Levin<br>Gabriel A. Hawkins<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, Indiana  46204<br>Email:  ilevin@cohenandmalad.com<br>        ghawkins@cohenandmalad.com |
| James A. Jones<br>GILLESPIE, ROZEN, WATSKY<br>    & JONES, P.C.<br>3402 Oak Grove Ave., Ste. 200<br>Dallas, Texas  75204<br>Email:  jaj@grwlawfirm.com | Gregory N. Karasik<br>Ira Spiro<br>SPIRO MOSS BARNESS LLP<br>11377 West Olympic Blvd.<br>5th Floor<br>Los Angeles, CA  90064<br>Email:  greg@spiromoss.com<br>        ira@spiromoss.com |
| Eric B. Kingsley<br>KINGSLEY & KINGSLEY<br>16133 Venture Blvd., Suite 1200<br>Encino, CA  91436<br>Email:  eric@kingsleykingsley.com | Christopher A. Seeger<br>Christopher Van De Kieft<br>Stephen A. Weiss<br>James A. O'Brien, III<br>SEEGER, WEISS LLP<br>One William Street<br>New York, New York  10004<br>Email:  cseeger@seegerweiss.com<br>        evanderkieft@seegerweiss.com<br>        sweiss@seegerweiss.com<br>        jobrien@seegerweiss.com |
| Michael R. DiChiara<br>Charles Joseph<br>Michael D. Palmer<br>JOSEPH & HERZFELD<br>757 Third Ave., Ste. 2500<br>New York, NY 10017<br>Email:  md@jhllp.com<br>        charles@jhllp.com<br>        michael@jhllp.com | |

s/David S. Wagner

BDDB01 5721305v2