UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN SCHAEFER-LAROSE, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:07-cv-1133-SEB-TAB |
| ELI LILLY AND COMPANY, | ) ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on various pending motions. We address each in turn.

**Plaintiff's Motion to Reconsider the Court's September 29, 2009 Order[1]**
**Docket No. 679**

On October 15, 2009, Plaintiff filed a Motion to Reconsider [Docket No. 679]. On September 29, 2009, we entered an Order Granting Defendant's Motion for Summary Judgment as to Plaintiff Susan Schaefer-LaRose ("Order") [Docket No. 675] in the above-captioned conditionally certified collective action, holding, *inter alia*, that, as a pharmaceutical sales representative for Defendant, Eli Lilly and Company ("Lilly"), Ms. Schaefer-LaRose came within the outside salesperson and administrative exemptions to

---

[1] For a detailed recitation of the facts of this matter, refer to <u>Schaefer-LaRose v. Eli Lilly and Co.</u>, 663 F. Supp. 2d 674 (S.D. Ind. 2009).

the overtime pay provisions found in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. On October 15, 2009, Ms. Schaefer-LaRose filed a Motion to Reconsider [Docket No. 679], asking that we reconsider our analysis and findings relating to the applicability of those two exemptions in light of the *amicus curiae* briefs filed by the Department of Labor ("DOL") in support of appeals of pharmaceutical sales representatives in two similar cases, Christopher v. SmithKline Beecham Corp., No. 10-15257 (9th Cir. Aug. 10, 2010), and In Re Novartis Wage and Hour Litigation, 611 F.3d 141 (2d Cir. 2010). There, the DOL maintains that the Novartis and SmithKline pharmaceutical sales representatives are not exempt under either the outside sales or the administrative exemption. In further support of her motion, Ms. Schaefer-LaRose cites to a decision of the Second Circuit in Novartis and a ruling by the District Court in the Northern District of Illinois in Jirak v. Abbott Labs, ___ F. Supp. 2d ___, 2010 WL 2331098 (N.D. Ill. June 10, 2010), both of which held that pharmaceutical sales representatives are not exempt under the FLSA. For the reasons detailed below, we DENY Ms. Schaefer-LaRose's Motion for Reconsideration.[2]

In the time following the issuance of our Order, a substantial amount of activity has occurred in courts throughout the country with regard to the question of whether

---

[2] Defendant filed Motions for Leave to file Notice of Supplemental Authority on February 4, 2010 [Docket No. 693], February 8, 2010 [Docket No. 694], and March 26, 2010 [Docket No. 699]. Plaintiff filed Motions for Leave to File Notice of Supplemental Authority on June 14, 2010 [Docket No. 700], July 6, 2010 [Docket No. 701], and August 12, 2010 [Docket No. 702]. We hereby GRANT those motions and said documents are deemed filed as of the date of this Order.

pharmaceutical sales representatives are exempt under the FLSA. While we acknowledge that certain of these holdings, such as those cited by Ms. Schaefer-LaRose in support of the instant motion, do not correspond with our analysis, other courts have issued decisions during this same time period that are in line with our conclusion, to wit, that pharmaceutical sales representatives like Ms. Schaefer-LaRose *are* subject to one or more of the FLSA exemptions. E.g., Smith v. Johnson and Johnson, 593 F.3d 280 (3d Cir. 2010) (holding that pharmaceutical sales representatives fall within the administrative exemption); Christopher v. SmithKlein Beecham Corp., 2010 WL 396300 (D. Ariz. Feb. 1, 2010) (determining that DOL's *amicus* brief taking the position that pharmaceutical sales representatives are not exempt under the FLSA is not entitled to controlling deference), appeal docketed, No. 10-15257 (9th Cir. Aug. 10, 2010); Christopher v. SmithKlein Beecham Corp., 2009 WL 4051075 (D. Ariz. Nov. 20, 2009) (holding that pharmaceutical sales representatives fall within the outside sales exemption), appeal docketed, No. 10-15257 (9th Cir. Aug. 10, 2010); cf. Baum v. Astrazeneca LP, 2010 WL 1063935 (3d Cir. Mar. 24, 2010) (holding that pharmaceutical sales representatives fall within the administrative exemption of the Pennsylvania Minimum Wage Act).

Our decision cannot be a swinging pendulum, vacillating back and forth as each new ruling addressing this question is handed down by some court or another across the nation. At the time we issued our Order, we relied on the sources then available to us which we believed then, and still believe now, represent the most sound reasoning and analysis of the facts and applicable law. In the absence of guidance from the Seventh

Circuit, which has not yet had occasion to address these issues, we are not persuaded to change our view.

Finding no manifest error of law or fact in our previous order, we <u>DENY</u> Plaintiff's Motion for Reconsideration.

**Show Cause Order and Decertification**

In our September 29, 2009 order granting Defendant's motion for summary judgment against Ms. Schaefer-LaRose, we ordered Plaintiffs to show cause why the collective action should not be decertified based on the Court's ruling. On November 4, 2009, Plaintiffs filed their Return to the Order to Show Cause. Having considered that response, we now rule that the show cause order issued by the Court on September 29, 2009, is hereby <u>DISCHARGED</u>. In light of this ruling, Plaintiffs' Motion for Clarification [Docket No. 677] of the Court's show cause order is <u>DENIED AS MOOT</u>.

After reviewing the parties' arguments regarding decertification of the conditionally certified collective action, in light of the fact that our analysis was based almost exclusively on evidence which pertained solely to Ms. Schaefer-LaRose's individual duties and responsibilities while in Defendant's employ, as set forth in, *inter alia*, her deposition and sworn declaration, and given that discovery regarding matters pertaining to decertification is still ongoing, we conclude that a ruling on decertification of the collective action at this point would be premature. Thus, we decline to decertify the collective action at this juncture. Plaintiffs are hereby <u>ORDERED</u> to name a new lead

plaintiff by October 29, 2010.[3]

**Plaintiffs' Motion to Strike, or Alternatively, for Leave to Respond and Motion to Supplement**
**Docket No. 670**

On September 4, 2009, Plaintiffs filed a Motion to Strike Defendant's Reply in Support of Motion for Summary Judgment as to Time-Barred Plaintiffs or, Alternatively, For Leave to Respond, and for Leave to Supplement the Summary Judgment Record [Docket No. 670].[4] Plaintiffs argue that Defendant raised the following three new arguments in its reply brief in support of its motion for summary judgment as to the time-barred plaintiffs: (1) Defendant's contention that the John Scharf affidavit and exhibits are admissible; (2) Defendant's contention that Laura Bickle's 30(b)(6) testimony is not hearsay, as Plaintiffs have maintained; and (3) Defendant's argument that some of the opt-in plaintiffs are subject to the three-year statute of limitations period. Upon review, however, we have determined that these "new" arguments raised in Defendant's reply are responsive to issues raised in Plaintiffs' response brief. Moreover, the briefing from both parties on Defendant's motion for summary judgment as to the time-barred plaintiffs is

---

[3] In light of our ruling on the decertification issue, the stay issued in the Court's December 9, 2009 Order, staying discovery in this case as well as the Court's decisions on Defendants' May 5, 2009 motion for summary judgment, Plaintiffs' July 8, 2009 motion to compel, and Plaintiffs' July 8, 2009 cross-motion for Rule 56(f) relief, is now lifted.

[4] We note that, pursuant to Local Rule 56.1, Plaintiffs have already filed a surreply to Defendant's motion for summary judgment as to the time-barred plaintiffs [Docket No. 667] in order to respond to new evidence set forth by Defendant in its reply. They now seek leave to file a second surreply to address what they contend are new arguments raised by Defendant in its reply.

5

thorough, thus permitting the Court to address these issues without additional argument. Accordingly, we <u>DENY</u> Plaintiffs' Motion to Strike and <u>DENY</u> Plaintiffs' Motion for Leave to Respond.

As part of the same motion, Plaintiffs also request leave to supplement the summary judgment record with fifty-two declarations from opt-in Plaintiffs. Plaintiffs' counsel asserts that they were unable to obtain these declarations prior to filing their response brief on July 8, 2009, because of "the nationwide nature of this case, the large amount of opt-ins in this case, and the fact that the opt-ins are scattered throughout the country and were difficult to reach and communicate with." Pls.' Br. at 15. Defendant objects to this part of Plaintiffs' motion, arguing that the declarations are superfluous in light of the sixty-two nearly-identical declarations already on file in this case. Because we are not prepared to conclude at this point that the newly tendered declarations are duplicative of the sixty-two declarations already in the record, and because we have not been alerted to any specific prejudice Defendant will suffer as a result of the allowance of these declarations in the record, we <u>GRANT</u> Plaintiffs' Motion to Supplement.

**Plaintiffs' Motion for Reconsideration of Magistrate Judge's Ruling**
**Docket No. 651**

On June 5, 2009, Plaintiffs filed objections to the Magistrate Judge's May 18, 2009 Order setting forth the manner by which the parties should select opt-in plaintiffs subject to discovery and setting the sample size. Based on the Magistrate Judge's Order, for purposes of representative discovery in this case, the parties are to select a sample of

approximately fifty-five of the opt-in Plaintiffs, with half of the sample being selected by Plaintiffs and the other half chosen by Defendant. Plaintiffs object to these rulings, arguing that such a manner of selection will not result in a sample of the opt-in Plaintiffs that is fairly representative, but will instead merely reflect each party's biases and preferences, and that the sample size was arbitrarily chosen and is too large.

Rule 72(a) of the Federal Rules of Civil Procedure provides that, in ruling on non-dispositive matters decided by a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Under Seventh Circuit law, "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 943 (7th Cir. 1997).

We first address the Magistrate Judge's ruling regarding the method of selection of the sample opt-in plaintiffs. Plaintiffs cited to no binding Seventh Circuit authority mandating that representative discovery occur in the specified manner they proposed. Moreover, almost all the cases Plaintiffs do cite in support of their contention here deal with the issue of the use of representative testimony at trial, not for purposes of choosing a representative discovery sample. Although we are mindful of Plaintiffs' concern regarding the potential for bias in the chosen selection method, we believe such a risk is tempered by the fact that each party has the opportunity to select half of the opt-in plaintiffs that will comprise the sample. Given the broad discretion given to district

7

courts in handling FLSA collective actions, we find no basis on which to conclude that the Magistrate Judge's ruling regarding the manner by which the parties shall select opt-in plaintiffs subject to discovery is clearly erroneous or contrary to law.

Nor do we see clear error in the Magistrate Judge's decision to accept Defendant's proposal that the sample size consist of approximately fifty-five opt-in Plaintiffs (with three to six opt-in plaintiffs being selected from each of Lilly's sales divisions) instead of the smaller sample size proposed by Plaintiffs (with approximately two opt-in plaintiffs being selected from each of the sales divisions). In support of their contention, Plaintiffs cite to Reich v. So. New England Telecommunications Corp., 121 F.3d 58 (2d Cir. 1997), in which the court noted that, depending on the nature of the case, "a very small sample of representational evidence can suffice," (id. at 68), and to Secretary of Labor v. DeSisto, 929 F.2d 789 (1st Cir. 1991), in which the First Circuit found that in cases where employees fall into several job categories, "at a minimum, the testimony of a representative employee from, or a person with first-hand knowledge of, each of the categories is essential to support a back pay award." Id. at 793 (collecting cases). However, a careful read of these holdings reveals that they stand simply for the proposition that a small sample *can* suffice and that one individual from each job category *at a minimum* is necessary; neither cited case requires a small sample or identifies an outer boundary on sample size.[5] Accordingly, the Magistrate Judge's decision to accept

---

[5] We also note that both Reich and DeSisto address requirement for representative
(continued...)

the larger sample size proposed by Defendant is neither clearly erroneous nor contrary to law. For these reasons, we overrule Plaintiffs' objections to the Magistrate Judge's May 18, 2009 Order.

**Rule 54(b) Certification**

Recognizing that our holding on September 29, 2009, which today we decline to reconsider, reflects our view on which there is a split of opinions among several other courts and that our conclusion may substantially affect the viability of other putative plaintiffs' claims for relief in this litigation if they are ultimately found to be similarly-situated to Ms. Schaefer-LaRose, we invite the parties to address the issue of whether the Court should enter a Rule 54(b) certification to the Seventh Circuit to suggest the appropriateness of an interlocutory appeal from our order. If Plaintiffs elect to appeal this ruling at this time and for that purpose seek a Rule 54(b) certification, they may file a motion for such within ten (10) days of the date of this order. Defendant is allowed ten (10) days thereafter to respond.

**Conclusion**

For the reasons detailed above, we <u>DENY</u> Ms. Shaefer-LaRose's Motion to Reconsider the Court's September 29, 2009 Order [Docket No. 679], decline to decertify the collective action at this time, and hereby <u>ORDER</u> Plaintiffs to name a new lead plaintiff by October 29, 2010.

---

[5](...continued)
testimony at trial, not for purposes of choosing a discovery sample as is at issue here.

We <u>DENY AS MOOT</u> Plaintiffs' Motion for Clarification of the Court's September 29, 2009 Order [Docket No. 677].  We <u>GRANT IN PART</u> and <u>DENY IN PART</u> Plaintiffs' Motion to Strike or, Alternatively, for Leave to Respond, and for Leave to Supplement the Summary Judgment Record [Docket No. 670].  Plaintiffs' Motion for Reconsideration of the Magistrate Judge's May 18, 2009 Order [Docket No. 651] is <u>DENIED</u>.  The following Motions for Leave to File Supplemental Authority are <u>GRANTED</u>: Docket Nos. 693, 694, 699, 700, 701, and 702.

    IT IS SO ORDERED.

Date: _____09/29/2010_____

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jonathan S. Abady
EMERY, CELLI, BRINCKERHOFF & ABADY LLP
jabady@ecbalaw.com

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Michael R. DiChiara
JOSEPH & HERZFELD LLP
md@jhllp.com

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

James A. Jones
GILLESPIE, ROZEN, WATSKY & JONES, P.C.
clsaxn@inbox.com

Charles Joseph
JOSEPH & HERZFELD LLP
charles@jhllp.com

Gregory N. Karasik
SPIRO MOSS BARNESS LLP
greg@spiromoss.com

Eric B. Kingsley
KINGSLEY & KINGLSEY APC
eric@kingsleykingsley.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

James A. O'Brien III
SEEGER WEISS LLP
jobrien@seegerweiss.com

Michael D. Palmer
JOSEPH & HERZFELD LLP
michael@jhllp.com

D. Lucetta Pope
BAKER & DANIELS-SOUTH BEND
lucetta.pope@bakerd.com

Elizabeth Saylor
EMERY CELLI BRINCKERHOFF & ABADY LLP
esaylor@ecbalaw.com

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, NY 10004-2502

Ira Spiro
SPIRO MOSS BARNESS LLP
ira@spiromoss.com

Christopher Van De Kieft
SEEGER WEISS LLP
cvandekieft@seegerweiss.com

David S. Wagner
BAKER & DANIELS, LLP
david.wagner@bakerd.com

Stephen A. Weiss
SEEGER WEISS LLP
sweiss@seegerweiss.com